OPINION
{¶ 1} Defendant-appellant Randy Lewis appeals from his conviction and sentence in the Stark County Court of Common Pleas on one count of robbery a felony of the second degree in violation of R.C. 2911.02(A) (2). Plaintiff-appellee is the State of Ohio.
 {¶ 2} A jury found Mr. Lewis guilty and the trial court sentenced him to the maximum prison term of eight years. The relevant facts of this case will be discussed in relation to appellant's assignment of error:
 {¶ 3} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT, MR. RANDY LEWIS, OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY, AS THE VERDICT FOR THE CHARGE OF ROBBERY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 4} In his sole assignment of error, appellant maintains that his conviction for robbery is against the weight and sufficiency of the evidence. We disagree.
 {¶ 5} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight.
 {¶ 6} Sufficiency of the evidence is a question of law for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury. A claim that evidence is insufficient to support a conviction as a matter of due process depends on "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S.307, 319, 99 S.Ct. 2781, 2789. (Emphasis in original).
 {¶ 7} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St. 3d 387, citations omitted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 8} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller
(2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 9} Appellant was convicted of robbery. R.C. 2911.01(A) (2) provides: "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: . . . (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another. . . ."
 {¶ 10} There is no dispute in the case at bar that a robbery had in fact occurred. Appellant's main argument is that there was insufficient evidence to identify him as the assailant in the robbery.
 {¶ 11} In the case at bar, the victim of the robbery, Costos "Gus" Contos, testified that he was working as a bartender at a portable wet bar located in the lobby of the Marriott McKinley Hotel in downtown Canton, Ohio. (T. at 124; 126; 135; 150; 152). As he was serving guests, a man came up behind him and put something in his back, saying "give me the money or I'll kill you." (T. at 130; 140). The object felt like a knife or a gun to the victim. (Id.). The robber took a tip glass containing between ninety and one hundred twenty five dollars in five dollar bills. (T. at 133). Mr. Contos was unable to identify his assailant. (T. at 140-141). Nor was the victim able to state how the assailant was dressed. (Id. at 132). The only description of the assailant was that he was African-American. (Id. at 143). However, the victim did observe the assailant walk toward the restroom area of the hotel. (Id. at 128). The victim observed the individual return to the lobby at which point the victim alert the individuals at the front desk of the hotel. (Id. at 128; 131-132; 142-143).
 {¶ 12} Jarrod Staho was working the front desk at the hotel at the time of the robbery. (Id. at 150). Mr. Staho testified that the victim pointed to appellant as the person who had robbed him. (Id. at 154-156). Mr. Staho testified that appellant had the hood of his sweatshirt up and looked afraid when the victim stated that he was the individual who had robbed him. (Id.). The appellant attempted to quickly exit the building. (Id.). Mr. Staho identified appellant as the individual that the victim had pointed out. (Id. at 159).
 {¶ 13} Naomi Collins was also stationed at the front desk of the hotel at the time of the incident. (Id. at 173). She testified that earlier in the evening she observed appellant in the Starbucks kiosk tapping on the cash register. (Id. at 174). When she approached appellant he walked out and got into line at the front desk. (Id.). Ms. Collins testified that the victim pointed to appellant as the individual who had robbed him. (Id. at 175). Ms. Collins called out for appellant to stop, but he continued to walk out of the hotel. (Id. at 175-176). She followed appellant out of the hotel as she called 911. (Id.). Appellant turned toward Ms. Collins and lifted his shirt as if he were going to pull something out. (Id. at 176). However, as Ms. Collins did not back down, appellant turned and ran. (Id.). Ms. Collins lost sight of the appellant around Walnut Avenue and 4th Street. (Id. at 192).
 {¶ 14} City of Canton police officer Mike Talkington and his K-9 partner Bam were dispatched to the hotel in response to the 911 calls. Dispatch described an individual as a black male wearing a grey hooded sweatshirt with black lettering on the front as the suspect in the robbery. (T. at 220-223). Officer Talkington saw an individual matching this description while in route to the hotel. As Officer Talkington exited his cruiser, appellant turned and walked in the opposite direction. (Id. at 224). Officer Talkington got back into his cruiser to follow appellant who had now started to run. (Id. at 224-225). After shouting a warning that he would release his police dog if appellant did not stop, Officer Talkington pushed the button to activate the car door releasing his dog. (Id. at 225). After briefly losing sight of the appellant, the officer spotting appellant running. (Id. at 226). After issuing another warning, Officer Talkington gave Bam the command to apprehend the suspect. (Id.). Appellant was placed in handcuffs as other officers arrived on the scene. (Id. at 226). After securing his K-9 partner in the cruiser, Officer Talkington began to retrace the suspect's steps in the snow. (Id. at 227-228). Officer Talkington followed the footprints to a residence where he spotted a wad of money consisting of $95.00 in five dollar bills lying underneath the porch. (Id. at 230; 233). Photographs were taken before the money was placed in an evidence envelope. (Id. at 231). Officer Talkington then returned to his cruiser to transport appellant to the hospital. (Id.). Officer Kevin Sedares of the City of Canton Police Department also responded to the scene. (Id. at 203-205). After speaking with several witnesses at the hotel, Officer Sedares went to Aultman Hospital to complete his report. (Id. at (Id. at 207-208). While at the hospital, Officer Sedares overheard appellant tell a nurse that "crime doesn't pay." (Id. at 209). Appellant further told the officer that he was not worried about the robbery charge "because it wasn't going to stick." (Id.).
 {¶ 15} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that a robbery occurred. Viewing this evidence linking appellant to the robbery of Mr. Contos in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crime of robbery.
 {¶ 16} We hold, therefore, that the state met its burden of production regarding each element of the crime of robbery and, accordingly, there was sufficient evidence to support appellant's conviction.
 {¶ 17} Although appellant testified that he was at the hotel to meet an individual in the restroom to whom he sold cocaine the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. (T. at 248-249). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 18} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant in attempting or committing a theft offense or in fleeing immediately after the attempt or offense did inflict, attempt to inflict, or threaten to inflict physical harm on another. Accordingly, appellant's conviction for robbery was not against the manifest weight of the evidence.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.