OPINION *Page 2 
{¶ 1} Defendant-appellant Randy Lewis appeals the November 16, 2007 Judgment Entry entered by the Stark County Court of Common Pleas, which dismissed his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On December 21, 2005, the Stark County Grand Jury indicted Appellant on one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Following a jury trial, Appellant was found guilty and sentenced to a period of incarceration of eight years. Appellant appealed his conviction and sentence to this Court, which affirmed. State v. Lewis, Stark App. No. 2006CA00065, 2006-Ohio-6015.
 {¶ 3} On April 25, 2007, Appellant filed a petition for post-conviction relief, arguing the State's prosecuting attorney violated his constitutional rights by purposefully excluding African Americans from the jury. Appellant also argued the Indictment was unconstitutional. Appellant did not submit any affidavits or documentary evidence in support of his petition. Via Judgment Entry filed November 16, 2007, the trial court dismissed Appellant's petition for post-conviction relief, finding Appellant's claims were barred by the doctrine of res judicata and the petition was untimely filed.
 {¶ 4} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT ERRED AND THEREBY DEPRIVED THE APPELLANT RANDY LEWIS OF DUE PROCESS OF LAW AS GUARANTEED BY *Page 3 
THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY DISMISSING THE PETITION FOR POST CONVICTION WHEN FAILURE TO CONSIDER THE CLAIMS WILL RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTICE."
 I {¶ 6} In his sole assignment of error, Appellant maintains the trial court erred in dismissing his petition for post-conviction relief. Specifically, Appellant argues the trial court deprived him of his constitutional rights by dismissing the motion on technical grounds when the petition raised legitimate legal arguments.
 {¶ 7} In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Delgado (May 14, 1998), Cuyahoga App. No. 72288, at 3, citing State v. Mitchell (1988), 53 Ohio App.3d 117,120, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 8} A petition for post-conviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v. Calhoun (1999), *Page 4 86 Ohio St.3d 279, 281; State v. Steffen (1994), 70 Ohio St.3d 399, 410. A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 9} In the instant action, the trial court found Appellant's post-conviction relief was barred by the doctrine of res judicata. We agree. The doctrine of res judicata bars a convicted defendant from raising any defense or lack of due process which had been raised or could have been raised at trial, or on direct appeal from the judgment of conviction. State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. A review of the issues raised by Appellant in his petition demonstrates such could have been raised on direct appeal. He failed to do so; therefore, those issues cannot be raised now.
 {¶ 10} The trial court also found Appellant's petition was untimely filed pursuant to R.C. 2953.21(A)(2), which states a petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The trial court correctly noted exceptions for late filings are provided for in R.C. 2953.23. In order for a court to recognize an untimely post-conviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:
 {¶ 11} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States *Page 5 
Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 13} The trial court found neither ground applied to the action before it; therefore, it could not entertain the petition as it had not been filed within the statutorily prescribed time. We find Appellant has failed to establish either ground and the trial court correctly found his petition to be untimely.
 {¶ 14} Based upon the foregoing, we find the trial court did not err in dismissing Appellant's petition.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Stark County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.
[1] A Statement of the Facts underlying Appellant's original conviction and sentence is not necessary to our disposition of this appeal; therefore, such shall not be included herein. *Page 1