[Cite as *State v. Lewis*, **2012-Ohio-1030**.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RANDY LEWIS | : | Case No. 2011CA00254 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2001MI00212



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               March 12, 2012



APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         RANDY LEWIS, PRO SE
Prosecuting Attorney                    Inmate No. 501-380
                                        Mansfield Correctional Institution
By: KATHLEEN O. TATARSKY                P.O. Box 788
110 Central Plaza South                 Mansfield, OH  44901
Suite 510
Canton, OH  44702

*Farmer, J.*

{¶1}   On December 21, 2005, the Stark County Grand Jury indicted appellant, Randy Lewis, on one count of robbery in violation of R.C. 2911.02(A)(2) (Case No. 2005CR1899).   A jury found appellant guilty as charged.   By judgment entry filed February 16, 2006, the trial court sentenced appellant to eight years in prison. Following an appeal, this court affirmed appellant's conviction and sentence.   *State v. Lewis,* Stark App. No. 2006CA00065, 2006-Ohio-6015.

{¶2}   On April 24, 2007, appellant filed a petition for postconviction relief challenging the make-up of the jury (Case No. 2007MI00127).   By judgment entry filed November 16, 2007, the trial court dismissed the petition.   This decision was affirmed on appeal.   *State v. Lewis,* Stark App. No. 2007CA00358, 2008-Ohio-3113.

{¶3}   On August 15, 2011, appellant filed a petition for delayed postconviction relief, challenging the direct indictment from 2005.   By judgment entry filed October 19, 2011, the trial court dismissed the petition under the doctrine of res judicata and timeliness under R.C. 2953.23(A)(1).

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶5}   "TRIAL COURT ERRED IN DISMISSING THE DELAYED POST-CONVICTION AS UNTIMELY."

II

{¶6} "KNOWING WILLFULLY UNDER COLOR OF LAW MAKING FALSE STATEMENTS DEPRIVED PETITIONER RANDY LEWIS OF DUE PROCESS OF THE LAW 14TH AMENDMENT."

I, II

{¶7} Appellant claims the trial court erred in dismissing his petition for delayed postconviction relief. We disagree.

{¶8} R.C. 2953.21 governs petitions for postconviction relief. Subsection (A)(2) states the following in pertinent part:

{¶9} "(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."

{¶10} Appellant's trial transcript was filed in his direct appeal on May 18, 2006. Clearly appellant's petition filed on August 15, 2011 is beyond the time requirements of R.C. 2953.21(A)(2).

{¶11} Pursuant to R.C. 2953.23(A)(1), a trial court may consider an untimely petition for postconviction relief only if both of the following apply:

{¶12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section

2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."

{¶14} Appellant's petition for delayed postconviction relief is based on Ohio's direct indictment procedures. His petition does not meet the narrow exceptions under R.C. 2953.23(A). He did not claim he was unavoidably prevented from discovery of facts, and he did not seek to take advantage of any new federal or state right recognized by the United States Supreme Court.

{¶15} Upon review, we find appellant's petition did not meet the requirements for untimely filing under R.C. 2953.23(A)(1); therefore the trial court did not err in denying the petition for delayed postconviction relief.

{¶16} Assignments of Error I and II are denied.

{¶17} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

s/ William B. Hoffman _____

_s/ John W. Wise_____

JUDGES

SGF/sg 229

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RANDY LEWIS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011CA00254 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.  Costs to appellant.


_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES