[Cite as *State v. Bowen*, 2021-Ohio-3969.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| ROBERT C. BOWEN | : | Case No. 21CA001 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Holmes County
                                  Court of Common Pleas, Case No.
                                  18 CR 0058

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 November 4, 2021

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT K. HENDRIX                         ERIC J. ALLEN
Assistant Prosecuting Attorney            The Law Office of Eric J. Allen, Ltd.
Holmes County, Ohio                       4200 Regent, Suite 200
164 E. Jackson Street                     Columbus, Ohio 43219
Millersburg, Ohio 44654

*Baldwin, P.J.*

{¶1}   Defendant-appellant Robert C. Bowen appeals from the February 24, 2021 Judgment Entry of the Holmes County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶2}   On June 4, 2018, the Holmes County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02(A)(2) and (B), a felony of the first degree; and four counts of sexual battery, in violation of R.C. 2907.03(A)(5) and (B), felonies of the third degree. The charges arose from incidents involving Appellant's adopted daughter ("the Child"). Appellant appeared before the trial court for arraignment on June 12, 2018, and entered pleas of not guilty to all of the charges.

{¶3}   The matter proceeded to jury trial on January 28, 2019. The following evidence was adduced at trial.[1]

{¶4}   Mary Bowen testified she and appellant were married on July 4, 2011. Although they were still legally married at the time of the trial, Bowen indicated they had been separated for over a year. Bowen and appellant became foster parents to the Child in September, 2012, and the child's sister in November, 2012. Bowen and appellant adopted both children on March 24, 2014. Bowen conceded the Child and her sister had behavioral problems.

{¶5}   Bowen explained the Child and her sister were homeschooled after the Child's sister called in a bomb threat to her elementary school. Bowen worked six days a

---

[1] The facts are taken from this Court's Opinion in *State v. Bowen, 5th Dist. Holmes No. 19CA0007, 2020-Ohio-24,* appeal not allowed, 2020-Ohio-2819, 158 Ohio St. 3d 1505, 144 N.E.3d 451,

week, usually from 7:30 a.m. to 5:30 or 6:00 p.m., but worked close enough to their home to check on the children during her lunch hour.

{¶6} In June, 2016, when the Child was 15 years old, she disclosed to Bowen that appellant had touched her inappropriately. Bowen explained the Child had snuck out of the house around midnight one evening to meet a 19 or 20 year old young man, and did not return until 3:30 a.m. Bowen confronted the Child, telling her the young man would get in trouble if she (Bowen) called the police. The Child responded that Bowen should call the police about appellant as he had touched her. Bowen questioned appellant, who denied any wrongdoing. The Child later told Bowen she was lying. The Child returned to public school in September, 2017.

{¶7} In January, 2018, after the Child's sister set a number of fires, Children's Services became involved with the family. The Child's sister told Children's Services Appellant had been abusing her and the Child. When Children's Services questioned the Child regarding her sister's disclosure, the Child denied any abuse by appellant.

{¶8} Bowen recalled the Child attended her prom the weekend of April 21, 2018. When the Child was at school the following Monday, the Child disclosed that appellant had been abusing her. Bowen was instructed to bring the Child to Children's Services and thereafter learned about the Child's disclosure. Bowen was contacted by Victim's Assistance and was informed that appellant had confessed.

{¶9} The Child testified that, when she was 15 years old, appellant had entered her bedroom and touched her breasts over her clothing. Appellant instructed her not to tell her mother. The Child recalled it was the summer and she was sick. The Child detailed another incident which occurred when she was still 15. She noted she was being

homeschooled at the time and needed help with algebra. The Child proceeded to appellant's bedroom which was located in the basement of the home. Appellant began to help her with her math, but then pushed her onto his bed and removed her clothes. Appellant vaginally penetrated her. Appellant told the Child not to tell anyone or he would not be her father anymore. Appellant also threatened to do the same to the Child's sister if the Child told anyone. After the incident, the Child hurriedly put on her clothes and returned upstairs to finish her schoolwork. The Child testified that appellant had sexual intercourse with her at least five times. Shortly before the Child turned 16, she disclosed the abuse to Bowen. The Child admitted she later told Bowen she had made "the whole thing up". Tr. at 128.

{¶10} The Child testified that, in January, 2018, she spoke with a detective and a social worker after the Child's sister had set a few fires in their home. The detective and the social worker questioned the Child about appellant, but she did not disclose the abuse at that time. The Child disclosed the abuse to her boyfriend and a friend the night of her prom, April 21, 2018. The following Monday, the Child met with Ms. Gilson, the school liaison, and told the woman what appellant had done to her. Ms. Gilson informed the Child she was required to contact the authorities. When the Child returned home from school, Bowen met her at the bus and told her Children's Services needed to speak with her. The Child met with Jacqueline Shaw and disclosed the abuse.

{¶11} Sergeant James Henry, a detective with the Holmes County Sheriff's Office, testified that he interviewed appellant on May 10, 2018. The interview was recorded and the recording was played for the jury. During the interview, appellant confessed to having a sexual relationship with the Child. Det. Henry acknowledged the Child, during an

interview on January 9, 2018, initially denied any sexual contact with appellant. The detective explained it is not unusual for the victim of sexual abuse to initially not disclose the abuse occurred, but subsequently, after counseling, is able to do so.

**{¶12}** Appellant testified on his own behalf. He explained that he was contacted by Det. Lay of the Millersburg Police Department, who requested appellant come to the station to speak with him. Appellant phoned Det. Lay and the two spoke on the telephone for an hour. During the conversation, the detective set up a computerized voice stress analyzer ("CVSA"). Several weeks later, in February, 2018, appellant was interviewed by Det. Lay. Appellant and the detective spoke for two hours, including the time conducting the CVSA. Appellant did not hear from the detective again.

**{¶13}** On April 24, 2018, the Tuesday following the Child's prom, appellant received a message he needed to call Job and Family Services. He was instructed to contact Det. Henry. When appellant initially sat down with Det. Henry, he assumed he was being questioned about the situation with the Child's sister. Appellant was shocked by the allegations. Appellant denied confessing to Det. Henry and denied abusing the Child.

**{¶14}** After hearing all the evidence and deliberating, the jury found appellant guilty of all five counts contained in the Indictment. The trial court sentenced appellant to an aggregated term of incarceration of ten years.

**{¶15}** Appellant then appealed, raising the following assignments of error:

**{¶16}** "I. THE STATE OF OHIO FAILED TO PRODUCE SUFFICIENT [SIC] EVIDENCE TO CONVICT THE APPELLANT OF THE COUNTS IN THE INDICTMENT IN VIOLATION OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AMENDMENT

MADE APPLICABLE TO ALL STATE CRIMINAL PROSECUTIONS BY THE FOURTHEENTH [SIC] AMENDMENT TO THE FEDERAL CONSTITUTION."

{¶17} "II. THE CONVICTIONS IN THIS MATTER ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE VIOLATIVE OF THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION."

{¶18} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A PUNITIVE DISCOVER SANCTION THAT WAS NOT THE LEAST RESTRICTIVE AND WAS VIOLATIVE OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT MADE APPLICABLE TO ALL STATE CRIMINAL PROSECUTIONS BY THE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION."

{¶19} "IV. THE TRIAL COURT COMMITTED ERROR BY ALLOWING DISCUSSION OF A CVSA TEST AND VIOLATED APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED TO HIM UNDER THE FIFTH AMENDMENT TO THE FEDERAL CONSTITUTION MADE APPLICABLE TO STATE CRIMINAL PROSECUTIONS BY THE FOURTEENTH AMENDMENT."

{¶20} Pursuant to an Opinion filed on January 6, 2020 in *State v. Bowen,* 5th Dist. Holmes No. 19CA0007, 2020-Ohio-24, appeal not allowed, 2020-Ohio-2819, 158 Ohio St. 3d 1505, 144 N.E.3d 451, this Court affirmed the judgment of the trial court.

{¶21} Thereafter, on July 29, 2020, appellant filed a Petition to Set Aside or Vacate Petition pursuant to R.C. 2953.21, arguing the he was denied his right to a fair trial when the trial court introduced an involuntary confession taken by police in violation of the Fifth and Sixth Amendments and that the trial court was biased against him.

Appellant argued that his confession was involuntary. Appellant filed a supplement to his Petition on August 24, 2020. Appellee filed a memorandum in opposition to the Petition on October 21, 2020.

{¶22} As memorialized in a Judgment Entry filed on February 24, 2021, the trial court denied appellant's Petition.

{¶23} Appellant then appealed, raising the following assignments of error on appeal:

{¶24} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S PETITION FOR POST CONVICTION RELIEF PURSUANT TO R.C. 2953.21."

{¶25} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT HOLDING AN EVIDENTIARY HEARING."

I, II

{¶26} Appellant, in his first assignment of error, argues that the trial court erred in overruling with Petition for Post-Conviction Relief. In his second assignment of error, he contends that the trial court abused its discretion in overruling the same without a hearing. We disagree.

{¶27} R.C. 2953.21(A) stated in part:

(A)(1)(a) Any person who has been convicted of a criminal offense

or adjudicated a delinquent child and who claims that there was such a

denial or infringement of the person's rights as to render the judgment void

or voidable under the Ohio Constitution or the Constitution of the United

States... may file a petition in the court that imposed sentence, stating the

grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶28}** Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905. A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). *State v. Lewis*, 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8.

**{¶29}** The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *In re B.C.S.*, 4th Dist. Washington No. 07CA60, 2008-Ohio-5771, ¶ 9. *Accord*, *State v. Graggs*, 10th Dist. No. 18AP-491, 2019-Ohio-361, ¶ 15. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *In re B.C.S*, ¶ 9; *Graggs*, ¶ 15. For example, the question

whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely or successive petition for post-conviction relief, or procedural defects in a petition for post-conviction relief, such as one that is barred by res judicata, are reviewed on appeal de novo. *State v. Apanovitch*, 155 Ohio St.3d 358, 121 N.E.3d 351, 2018-Ohio-4744, ¶ 24 , quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838.

**{¶30}** In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will receive a hearing. In *State v. Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, paragraph two of the syllabus.

**{¶31}** In *State v. Phillips*, 9th Dist. Summit No. 20292, 2002-Ohio-823, the court noted:

> Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing. *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205(1994). Such evidence " 'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967)] by simply

attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.' " (Citation omitted.) *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (1995). Thus, the evidence must not be merely cumulative of or alternative to evidence presented at trial. *Combs*, 100 Ohio App.3d at 98, 652 N.E.2d 205.

**{¶32}** In the case sub judice, appellant initially argues that his confession was involuntary. Appellant filed a Motion to Suppress on August 20, 2018, arguing, in part, that his statement to police was not voluntary.   Appellee, on August 23, 2018, filed a memorandum in opposition to the Motion to Suppress. Appellant, after being made a plea offer by appellee, agreed to withdraw his Motion to Suppress. Appellant, however,  did not accept the plea deal and did not take any action to suppress his statement. The statements that appellant originally sought to suppress were, therefore,  introduced at trial. We find that the issue of the voluntariness of appellant's confession could have been raised on direct appeal and was not. As noted by the trial court in its February 24, 2021 Judgment Entry, appellant "was able to argue to the jury his circumstances of his statement, he withdrew his Motion to Suppress and he could have raised the issue on direct appeal."

{¶33} Appellant also argued that the trial court was biased against him and had indicated that it would deny the Motion to Suppress before the scheduled hearing on the same. Appellant, however, did not file an affidavit of disqualification against the trial court judge until July 29, 2020, which is after his appeal was denied.

{¶34} An appellate court is without authority to pass upon issues of disqualification or to void a judgment on the basis that a judge should be disqualified for bias or prejudice. See, e.g., *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775, (1978). To effectuate the recusal of a judge from an action, a party must submit an affidavit to the clerk of the Supreme Court of Ohio setting forth the fact of the interest, bias, prejudice or disqualification. R.C. 2701.03. Appellant did not file an affidavit of bias and prejudice with the Ohio Supreme Court until July 29, 2020, even after his appeal was denied. Because appellant did not take advantage of the statutory remedy available to him to effectuate the disqualification of a judge who he felt was biased against him, we hold that any alleged error is waived. Moreover, as noted by the trial court, "the record made at the trial that appellant withdrew his Motion to Suppress belies his arguments of coercion or bias."

{¶35} Based on the foregoing, we find that the trial court did not err in overruling appellant's Petition without a hearing.

{¶36} Appellant's two assignments of error are, therefore, overruled.

**{¶37}** Accordingly, the judgment of the Holmes County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

Hoffman, J. and

Wise, Earle, J. concur.