OPINION
{¶ 1} This is an appeal of the trial court's April 6, 2005, Judgment Entry denying Appellant's Motion for Post-Conviction Relief.
 {¶ 2} Appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} A(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.@
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE FACTS AND CASE {¶ 6} On March 20, 1998, the Fairfield County Grand Jury indicted appellant, Steven William Wagner, on one count of abduction in violation of R.C. 2905.02 and two counts of felonious assault in violation of R.C. 2903.11. Said charges arose from an incident involving appellant's live-in girlfriend, Debra Castle.
 {¶ 7} On June 10, 1998, appellant was convicted of one count of felonious assault, one count of simple assault, and one count of abduction of Debra Castle, following jury trial in Fairfield County Common Pleas Court.
 {¶ 8} As the judge was sentencing appellant, appellant made the following comments:
 {¶ 9} "THE DEFENDANT: That's how long you've got.
 {¶ 10} "THE COURT: The Court will remand the Defendant to the custody of the Sheriff's Office for execution of sentence.
 {¶ 11} "THE DEFENDANT: You can bet on it.
 {¶ 12} "DEPUTY RUSSELL: Just watch it. You don't need any more trouble than you've already got.
 {¶ 13} "THE DEFENDANT: I'm not worried about trouble with a life sentence here.
 {¶ 14} "DEPUTY RUSSELL: You can't fight back.
 {¶ 15} "THE DEFENDANT: You got a date, Debbie, Count on it.
 {¶ 16} "DEPUTY RUSSELL: Watch your mouth.
 {¶ 17} "THE DEFENDANT: Count on it." (T. at 110, 111.)
 {¶ 18} Deputy Stephanie Russell was in the courtroom as appellant was making these comments. She noted that appellant made eye contact with Ms. Castle while he was speaking. While Deputy Russell was walking appellant across the street to the Fairfield County Jail, appellant said, "I should have killed her while I had the chance. She's a no-good cunt." (T. at 131.) Appellant kept repeating the same remarks to Deputy Russell.
 {¶ 19} Before Debra Castle testified in the assault case, appellant asked her to tell the judge that her statement to the police department was false, and her injuries were incurred when she fell down the steps. Appellant threatened her children and grandchildren in an attempt to prevent her from testifying. Appellant told Ms. Castle that if she testified, she would pay, and that the town wasn't big enough for the both of them. He further told her that they would never find her body.
 {¶ 20} On May 22, 1998, appellant left a message on Debra Castle's telephone answering machine. He told her that she was going to leave, she was not gaining anything by this, and she would have to suffer the consequences. He stated that hate could not describe the word, and she would be dragging a bunch of people into this that were not necessary. He warned her not to testify, because she was not accomplishing a thing. Ms. Castle believed that appellant would kill her if she testified. While the case was pending, he telephoned her approximately 200 times.
 {¶ 21} On May 28, 1998, Ms. Castle received a letter from appellant. In the letter, appellant wrote: ". . . but like I said, I'll lie down and do this time, but you will give me part of it back. You can count and believe that, no matter where you go."
 {¶ 22} As a result of the above, Appellant was indicted by the Fairfield County Grand Jury of three counts of intimidation of a witness and one count of retaliation.
 {¶ 23} The case proceeded to jury trial in the Fairfield County Common Pleas Court, after appellant's motion to sever counts one and two from counts three and four was overruled. Following a jury trial, Appellant was convicted of all four counts. Counts three and four were merged, and he was sentenced to three years incarceration on those counts. He was also sentenced to three years of incarceration each on counts one and two. The three sentences were to be served consecutively.
 {¶ 24} These sentences were ordered to be served consecutively to the ten year sentence previously imposed.
 {¶ 25} Appellant appealed his convictions and same were upheld by this Court in State v. Wagner (May 24, 1999), Fairfield App. No. 98-CA-42 andState v. Wagner (Dec. 23, 1999), Fairfield App. No. 99-CA-23. Appellant also appealed to the Ohio Supreme Court which denied leave to appeal in Case No. 00-162.
 {¶ 26} On February 3, 2005, Appellant filed a Motion for Post-Conviction Relief.
 {¶ 27} By Judgment Entry filed April 6, 2005, the trial court denied Appellant's Motion for Post-Conviction Relief.
 {¶ 28} It is from this denial Appellant appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 29} "THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S POST CONVICTION AS BEING TIME BARRED AND FURTHER FINDING THAT WASHINGTON V. BLAKLEY [SIC] IS INAPPLICABLE TO THIS MATTER."
 I. {¶ 30} In his sole assignment of error, Appellant argues that the trial court erred in denying his motion for post-conviction relief. We disagree.
 {¶ 31} In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Delgado (May 14, 1998), Cuyahoga App. No. 72288, at 3, citing State v. Mitchell (1988), 53 Ohio App.3d 117,120. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 32} Revised Code § 2953.21(A) states, in part, as follows:
 {¶ 33} "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 34} Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 35} The record indicates appellant did file a direct appeal in this matter with a transcript. Appellant was sentenced on March 19, 1999, and the transcript was filed in this Court on July 31, 2001. Therefore, under R.C. 2953.21(A)(2), appellant was required to file his petition on or before February 1, 2002. However, appellant did not file his petition for post-conviction relief until February 3, 2005, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A).
 {¶ 36} This statute provides, in pertinent part:
 {¶ 37} * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 38} "(1) Either of the following applies:
 {¶ 39} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 40} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 41} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 42} In support of his argument for postconviction relief, appellant cited the Blakely v. Washington (2004), 124 S. Ct. 2531 and Apprendi,
supra, cases.
 {¶ 43} Based upon our review of the record, we are not persuaded the trial court abused its discretion when it concluded appellant failed to meet the requirements of R.C. 2953.23(A)(1)(b). First, the Blakely
decision has no application in the case sub judice. In Blakely, supra, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely at 2536, quoting Apprendi v. NewJersey (2000), 530 U.S. 466, 490.
 {¶ 44} In the matter currently before the court, the jury found appellant guilty of three counts of intimidation of a witness and one count of retaliation. As stated above, the trial court merged counts three and four for purposes of sentencing and Appellant was sentenced to three years incarceration on those counts. He was also sentenced to three years of incarceration each on counts one and two. The three sentences were to be served consecutively. These sentences were ordered to be served consecutively to the ten year sentence previously imposed. The trial court did not sentence appellant to any term beyond the statutory maximum and therefore, the Blakely decision does not apply.
 {¶ 45} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and overrule same.
 {¶ 46} The decision of the Fairfield County Court of Common Pleas is affirmed.
Boggins, PJ., Gwin, J., concurs.
Hoffman, J. concurs separately.