[Cite as *State v. Holliday*, 2012-Ohio-2376.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11CAA110104 |
| ANTWAUN T. HOLLIDAY | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                                             Common Pleas, Case No. 08CRI060334

JUDGMENT:          Affirmed

DATE OF JUDGMENT ENTRY:          May 29, 2012

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

CAROL HAMILTON O'BRIEN            ANTWAUN HOLLIDAY
Delaware County Prosecuting Attorney      #599-996
                                                             P.O. Box
ERIC C. PENKAL                              45699
Assistant Prosecuting Attorney            SOCF
140 N. Sandusky Street                      Lucasville, Ohio 45609
Delaware, Ohio 43015

*Hoffman, P.J.*

{¶1} Defendant-appellant Antwaun T. Holliday appeals the November 4, 2011 Judgment Entry entered by the Delaware County Court of Common Pleas denying his petition for post-conviction relief.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 1, 2009, Appellant entered a plea of guilty to one count of identity fraud, in violation of R.C. 2913.49(B)(2), and one count of theft, in violation of R.C. 2913.02(A)(3).  The charges relate to an incident which occurred on April 5, 2008.  Additionally, Appellant pleaded guilty to two counts each of identity fraud and theft for an incident(s) which occurred on April 9, 2008.  The trial court sentenced Appellant to three years in prison on the identity fraud count occurring on April 5, 2008, and five years of community control for the theft count based on the same date.

{¶3} On April 5, 2008, Appellant used the personal information of Gale Nelson to finance the purchase of a 2007 Suzuki GSXR600 motorcycle at Hinds Motorsports, a motorcycle dealership in Lewis Center, Ohio.  As a result, the Delaware County Grand Jury charged Appellant with identity fraud and theft in Count One and Two of the indictment.

{¶4} On April 9, 2008, Appellant again visited Hinds Motorsports, and used the personal identity information of Gale Nelson to purchase and finance a 2007 Kawasaki ZX1000 motorcycle.  Counts Four and Five of the indictment allege identity fraud and theft as a result of the incident.  In addition, also on April 9, 2008, Appellant used Gale Nelson's identification information to purchase and finance a 2007 Yamaha YZFR600 motorcycle.  Counts Seven and Eight of the indictment charge identity fraud and theft,

respectively. As set forth above, Appellant entered a plea of guilty to Counts One, Two, Five, Seven and Eight of the indictment on April 1, 2009.

{¶5} On February 26, 2010, Appellant filed a petition for post-conviction relief alleging his sentence was unconstitutional due to the trial court's failure to make the required statutory findings as to consecutive sentences.

{¶6} On November 4, 2011, the trial court overruled the motion for post-conviction relief. Appellant now appeals, assigning as error:

{¶7} "I. DOUBLE JEOPARDY CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS AFFORDS A DEFENDANT PROTECTION AGAINST MULTIPLE PUNISHMENTS FOR SAME OFFENSE.

{¶8} "II. THE EVIDENCE ADDUCED AT TRIAL REVEALED THAT THE STATE RELIED UPON THE SAME CONDUCT TO SUPPORT THE THREE OFFENSES AND THE OFFENSES WERE COMMITTED NEITHER SEPARATELY NOR WITH A SEPARATE ANIMUS AS TO EACH, THEREBY ENTITLING DEFENDANT TO THE PROTECTION OF R.C. §2941.25."

I & II

{¶9} As Appellant's assignments of error raise related issues, we elect to address them together.

{¶10} "[A] postconviction relief proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Calhoun,* 86 Ohio St.3d 279, 281, 1996-Ohio-102. As such, a hearing is not always required when a petition for postconviction relief is filed. Id. at 282-283; *State v. Cole* (1982), 2 Ohio St.3d 112, 113, 443 N.E.2d 169; *State v. Milanovich* (1975), 42 Ohio St.2d 46, 50, 325

N.E.2d 540; *State v. Pierce,* (1998), 127 Ohio App.3d 578, 585, 713 N.E.2d 498; *State v. Worthy* (May 30, 1997), 11th Dist. No. 96-P-0122, 1997 Ohio App. LEXIS 2370, at *5; *State v. Jackson* (1980), 64 Ohio St.2d, 107, 110, 413 N.E.2d 819. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records of the case. *Jackson,* 64 Ohio St.2d at 110, 413 N.E.2d 819; *State v. Strutton* (1988), 62 Ohio App.3d 248, 575 N.E.2d 466, at paragraph one of the syllabus; *Worthy,* 1997 Ohio App. LEXIS 2370, at *6. "If no such grounds exist, the trial court should dismiss the petition for post-conviction relief *sua sponte."* Id.

{¶11} Furthermore, a petition for postconviction relief may be barred without hearing by the doctrine of res judicata, "where a petitioner *could have raised issues* in his petition at trial or on direct appeal." *Pierce,* 127 Ohio App.3d at 575, 713 N.E.2d 494, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph one of the syllabus (emphasis added).

{¶12} Appellant asserts his convictions on multiple offenses is void as the charges arose from two separate incidents but involved the same conduct and are allied offenses of similar import.   Appellant asserts his animus was to obtain three motorcycles, and provide identity information to secure financing.   As a result, he argues his convictions on multiple counts violates the Double Jeopardy Clause of the Ohio and United States' Constitutions, and the trial court erred in imposing separate sentences for the offenses.

{¶13} Appellant cites the recent Ohio Supreme Court decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, which held at syllabus:

{¶14} "(1) when determining whether two offenses are allied offenses of similar import subject to merger statute, the conduct of the accused must be considered; overruling *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699, and

{¶15} "(2) crimes of felony murder and child endangering, as related to defendant's conduct, were allied offenses and thus subject to merger."

{¶16} Appellant's conviction and sentence were final on April 1, 2009, and Appellant did not file a direct appeal. The Ohio Supreme Court's holding in *Johnson* does not apply retroactively. *State v. Parson*, 2nd Dist. 24641, 2012-Ohio-730. A new judicial ruling may be applied only to cases pending on the announcement date. *State v. Parson,* 2nd. Dist. No. 24641, 2012-Ohio-730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. *Ali v. State,* 104 Ohio St.3d 328, 2004-Ohio-6592.

{¶17} Further, Appellant's petition for post-conviction relief is not a substitute for direct appeal. *State v. Thompson*, 9th Dist. 08CA20, 2009-Ohio-200. We find the arguments raised herein were capable of being raised on direct appeal, and Appellant has not established new information which has arisen subsequent to trial excusing him of the burden of filing a direct appeal. Accordingly, we find Appellant's assigned errors are barred by the doctrine of res judicata.

**{¶18}** The November 4, 2011 Judgment Entry of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise _____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                     :
    Plaintiff-Appellee            :
                                     :
-vs-                              :          JUDGMENT ENTRY
                                     :
ANTWAUN T. HOLLIDAY       :
                                     :
    Defendant-Appellant     :          Case No. 11CAA110104

For the reason stated in our accompanying Opinion, the November 4, 2011 Judgment Entry of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS