[Cite as *State v. Wagner*, 2013-Ohio-3493.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-9 |
| | : | |
| STEVEN WAGNER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
of Common Pleas, Case Nos. 98-CR-65
& 98-CR-144


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      August 7, 2013


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

GREGG MARX                              STEVEN WAGNER, PRO SE
FAIRFIELD COUNTY PROSECUTOR             Inmate No. 361523
JOCELYN S. KELLY                        Chillicothe Correctional Institution
239 W. Main St., Ste. 101               P.O. Box 5500
Lancaster, OH 43130                     Chillicothe, OH 45601

*Delaney, J.*

{¶1}  Appellant Steven Wagner appeals from the January 15, 2013 judgment entry of the Fairfield County Court of Common Pleas denying his motion to correct sentence.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}  A statement of the facts underlying appellant's original convictions is unnecessary to our disposition of this appeal.

{¶3}  In June 1998, appellant was found guilty upon trial by jury of abduction, felonious assault, and assault in Fairfield County Court of Common Pleas case no. 98 CR 65.  On June 10, 1998, he was sentenced to an aggregate prison term of ten years: three years upon the count of abduction to be served consecutively with seven years upon the count of felonious assault. The trial court found merged the count of assault. Appellant filed a direct appeal of his conviction and sentence in *State v. Wagner*, 5th Dist. Fairfield No. 98CA42, 1999 WL 436749 (May 24, 1999).  Appellant served his entire imposed sentence as of June 2008.

{¶4}  Appellant remained incarcerated due to a sentence imposed in a separate case, Fairfield County Court of Common Pleas case no. 98 CR 144.  In that case, appellant was convicted of three counts of intimidation of a victim or witness and one count of retaliation against the complainant in his original case.  Appellant was sentenced to an aggregate prison term of nine years in the latter case, to be served consecutively to the original 10-year term.  We affirmed appellant's second conviction

upon his direct appeal in *State v. Wagner*, 5th Dist. Fairfield No. 99CA23, 2000 WL 1411 (Dec. 23, 1999), appeal not allowed, 88 Ohio St.3d 1480, 727 N.E.2d 131 (2000).

{¶5}   In 2005, appellant filed a petition for post-conviction relief based upon *Blakely*; the trial court denied the petition and we affirmed the decision in *State v. Wagner*, 5th Dist. Fairfield No. 05-CA-45, 2005-Ohio-5209, appeal not allowed, 108 Ohio St.3d 1440, 2006-Ohio-421, 842 N.E.2d 64.   Another attempt at post-conviction relief was denied in 2006 and affirmed in *State v. Wagner*, 5th Dist. Fairfield No. 06-CA-73, 2007-Ohio-3629.

{¶6}   On November 27, 2012, appellant filed a "Motion to Correct Sentence" under both case numbers, although his arguments addressed only his sentence in the earlier case, 98-CR-65.   The trial court overruled the motion on the bases that the motion is an untimely petition for post-conviction relief and appellant's arguments based upon *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 do not apply retroactively to his sentence.

{¶7}   Appellant now appeals from the January 15, 2013 entry of the trial court.

{¶8}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9}   "I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MULTIPLE PUNISHMENT (*sic*) FOR ALLIED OFFENSES."

{¶10} "II. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RULING APPELLANT'S MOTION IS TIME BARRED."

**ANALYSIS**

I, II.

{¶11} We will address appellant's two assignments of error together. We find the trial court correctly overruled appellant's Motion to Correct Sentence for the following reasons.

{¶12} First, we note appellant has failed to provide a transcript of the sentencing hearing. As appellee points out, we have previously held that an appellant who challenges his sentence is required to provide a transcript of the sentencing hearing because the appellant must demonstrate error by reference to matters within the record. *State v. Boylen*, 5th Dist. Stark Nos. 2006 CA 00125 & 20006 CA 00126, 2006-Ohio-5685, ¶ **. Without the sentencing transcript, we presume the regularity of the proceedings below and affirm. See, *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); App.R. 9(B).

{¶13} Even setting aside this procedural default, however, the trial court properly found appellant's motion is barred by res judicata. Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry; his most recent round of arguments are therefore barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could

have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

{¶14} Finally, appellant's arguments fail substantively. The Ohio Supreme Court's holding in *Johnson* does not apply retroactively. *State v. Halliday*, 5th Dist. Delaware No. 11CAA1101104, 2012-Ohio-2376, ¶ 16, citing *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id., citing *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592.

## CONCLUSION

{¶15} For the foregoing reasons, appellant's two assignments of error are overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. WILLIAM B. HOFFMAN