[Cite as *State v. Pearson*, 2013-Ohio-5690.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-59 |
| | : | |
| ROBERT E. PEARSON | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                            Common Pleas, Case No. 06 CR 00714


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      December 16, 2013


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

KENNETH W. OSWALT                      ROBERT E. PEARSON, Pro Se
LICKING CO. PROSECUTOR                 #A547179
20 S. Second St., Fourth Floor         Marion Correctional Institution
Newark, OH 43055                       P.O. Box 57
                                       Marion, OH 43301

*Delaney, J.*

{¶1}   Appellant Robert E. Pearson appeals from the June 26, 2013 judgment entry of the Licking County Court of Common Pleas overruling his Motion for Resentencing.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our disposition of this appeal.

{¶3}   On March 21, 2007, appellant entered pleas of no contest to one count of rape pursuant to R.C. 2907.02(A)(2) and one count of aggravated burglary pursuant to R.C. 2911.11(A)(1), both felonies of the first degree.  The trial court imposed an aggregate prison term of fifteen years.  Appellant filed no direct appeal from his convictions and sentences.

{¶4}   On February 25, 2008, appellant filed a "Defendant's Sentencing Memorandum" arguing his prison terms should run concurrently instead of consecutively, which was opposed by appellee.  On April 28, 2011, appellant filed a "Motion to Vacate and Set Aside a Void Sentence," also opposed by appellee and overruled by the trial court.  On September 15, 2011, appellant filed a "Motion for Resentencing," opposed by appellee and overruled by the trial court on June 26, 2013.

{¶5}   Appellant now appeals from the trial court's judgment entry overruling his Motion for Resentencing. This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶6} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶7} This case will be decided with the above principles in mind.

## ASSIGNMENTS OF ERROR

{¶8} "I.  TRIAL COURT ERRED IN NOT ADVISING OF RIGHT TO APPEAL PURSUANT TO OHIO CRIMINAL RULE 32(B)."

{¶9} "II.  TRIAL COURT FAILED TO PROPERLY IMPOSE POST-RELEASE CONTROL PURSUANT TO OHIO REVISED CODE 2967.28."

{¶10} "III.  TRIAL COURT ERRED BY NOT CONSIDERING THE NECESSARY FACTORS SET FORTH IN OHIO REVISED CODE 2929.11 AND 2929.12."

{¶11} "IV.  TRIAL COURT ERRED FOR FAILING TO DETERMINE THE NUMBER OF DAYS OF CONFINEMENT OWED BEFORE SENTENCE WAS IMPOSED."

{¶12} "V.    TRIAL COURT FAILED TO PROPERLY IMPOSE SANCTIONS UNDER OHIO REVISED CODE 2950 PURSUANT TO OHIO REVISED CODE 2929.13(I)."

## ANALYSIS

### I., II., III., IV., V.

{¶13} Appellant's five assignments of error are related and will be decided together.  We note appellant never filed a direct appeal of his conviction and sentence and appeals only from the judgment entry overruling his September 15, 2011 "Motion for Resentencing," in which he asserted the trial court must determine whether his convictions were allied offenses of similar import pursuant to *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶14} The trial court properly found appellant's motion is barred by res judicata. Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry; his most recent round of arguments are therefore barred under the doctrine of res judicata.  *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."  *Id.*

{¶15} Finally, appellant's arguments fail substantively.   The Ohio Supreme Court's holding in *Johnson* does not apply retroactively. *State v. Halliday*, 5th Dist.

Delaware No. 11CAA1101104, 2012-Ohio-2376, ¶ 16, citing *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730.  The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id., citing *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592.  See also, *State v. Hill*, 5th Dist. Muskingum No. CT11-0020, 2011-Ohio-3644, appeal not allowed, 130 Ohio St.3d 1439, 2011-Ohio-5883, 957 N.E.2d 301.

{¶16} Appellant's five assignments of error are overruled.

## CONCLUSION

{¶17} The June 26, 2013 judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Farmer, P.J.

Wise, J., concur.

HON. PATRICIA A. DELANEY

HON. SHEILA G. FARMER

HON. JOHN W. WISE