[Cite as *State v. Norris*, 2014-Ohio-2199.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2013-0052 |
| | : | |
| DERRICK C. NORRIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2003-288A |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | May 19, 2014 |

APPEARANCES:

| For Plaintiff-Appellee: | For Defendant-Appellant: |
|---|---|
| D. MICHAEL HADDOX MUSKINGUM CO. PROSECUTOR ROBERT L. SMITH 27 North Fifth St. Zanesville, OH 43701 | DERRICK C. NORRIS pro se #478-560 Marion Correctional Institution P.O. Box 57 Marion, OH 43301 |

*Delaney, J.*

{¶1} Appellant Derrick C. Norris appeals from the September 26, 2013 Journal Entry of the Muskingum County Court of Common Pleas overruling his "Motion for Allied Offense Determination." Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal, nor is a restatement of the entire lengthy appellate history. The following statement, therefore, references only those portions of the case history relevant to the instant appeal.

{¶3} On September 17, 2004, appellant entered negotiated pleas of guilty to one count of murder with a firearm specification [R.C. 2903.02(A)(1)]; one count of aggravated robbery [R.C. 2911.01(A)(1)]; and one count of tampering with evidence [R.C. 2921.12(A)(1)]. He was sentenced to an aggregate prison term of 33 years to life. In exchange for appellee's recommendation of a 33-year-to-life sentence, appellant agreed to waive his right to appeal maximum and/or consecutive sentences.

{¶4} Appellant did not file a direct appeal of his conviction. Appellant did file a number of petitions for post-conviction relief and appeals thereof, all of which were unsuccessful.

{¶5} On March 5, 2010, appellant filed a motion for sentencing, arguing the trial court failed to properly advise him of post release control. The trial court denied appellant's motion but we vacated that decision, finding appellant was entitled to a de novo resentencing hearing on the authority of *State v. Ketterer*, 126 Ohio St.3d 448,

2010-Ohio-3831, 932 N.E.2d 9. *State v. Norris*, 5th Dist. Muskingum No. CT10-0020, 2010-Ohio-6076, ¶ 17.

{¶6} Appellant was thereupon resentenced with the requisite post release control advisements, resulting in another flurry of petitions and appeals.

{¶7} Relevant to the instant appeal, on September 9, 2013, appellant filed a "Motion for Allied Offense Determination" which was overruled by the trial court on October 17, 2013. It is from this decision appellant now appeals.

{¶8} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. WHETHER THE TRIAL COURT'S RECHARACTERIZATION OF APPELLANT'S MOTION FOR 'ALLIED OFFENSE DETERMINATION' O.R.C. 2941.25; AS A POSTCONVICTION RELIEF PETITION (FOR THE PURPOSE OF DENYING RELIEF) OFFENDS DUE PROCESS AND FUNDAMENTAL FAIRNESS WHERE THE RECORD CLEARLY REVEALS A PRIMA FACIE CASE FOR THE REQUESTED RELIEF."

{¶10} "II. WHETHER THE DUTY TO 'INQUIRE' AND 'DETERMINE' WHETHER MULTIPLE OFFENSES CONSTITUTE ALLIED OFFENSES OF SIMILAR IMPORT IS JURISDICTIONAL AND THEREFORE PLACES A MANDATORY DUTY ON THE TRIAL COURT, OR WHETHER, O.R.C. 2941.25 IS 'DISCRETIONARY,' AND HENCE, MAY BE WAIVED BY THE COURT OR THE DEFENDANT AND SUBJECT TO THE APPLICATION OF THE DOCTRINE OF RES JUDICATA."

**ANALYSIS**

I., II.

{¶11} Appellant's two assignments of error are related and will be decided together. Although appellant's argument is scattered and, as appellee points out, does not follow the assignments of error, appellant essentially argues the trial court must determine whether his convictions were allied offenses of similar import pursuant to R.C. 2941.25. We disagree.

{¶12} Appellant's motion is barred by res judicata. We have found the issue of merger of allied offenses to be barred by res judicata on a defendant's appeal from resentencing to impose post-release control because the issue did not arise from the resentencing hearing. See, *State v. Oweis*, 5th Dist. Delaware No. 11 CAA 06 0050, 2012-Ohio-443, ¶ 12, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 and *State v. Franklin*, 8th Dist. No. 95991, 2011–Ohio–4953.

{¶13} Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry; his most recent round of arguments are therefore barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have

been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶14} Moreover, appellant's arguments fail substantively. While appellant's argument here does not specifically cite the Ohio Supreme Court's most recent pronouncement on allied offenses, he relies upon its rationale and indeed relied upon *Johnson* extensively in his argument to the trial court. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. *Johnson* does not apply retroactively. *State v. Holliday*, 5th Dist. Delaware No. 11CAA1101104, 2012-Ohio-2376, ¶ 16, citing *State v. Parson,* 2nd Dist. Montgomery No. 24641, 2012–Ohio–730. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id., citing *Ali v. State,* 104 Ohio St.3d 328, 2004–Ohio–6592. See also, *State v. Hill*, 5th Dist. Muskingum No. CT11-0020, 2011-Ohio-3644, appeal not allowed, 130 Ohio St.3d 1439, 2011-Ohio-5883, 957 N.E.2d 301; *State v. Pearson*, 5th Dist. Licking No. 13-CA-59, 2013-Ohio-5690.

{¶15} We find appellant's assignments of error to be barred by res judicata and the finality of appellate judgments. Appellant's two assignments of error are overruled.

**CONCLUSION**

{¶16} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J. and

Wise, P.J.

Baldwin, J., concur.