STATE of Ohio, Appellee,

v.

JOHNSON, a.k.a. Pierce, Appellant.

[Cite as *State v. Johnson* (1995), 101 Ohio App.3d 129.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 92-T-4664.

Decided Feb. 6, 1995.

*Daniel G. Keating,* for appellant.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, for appellee.

JOSEPH E. MAHONEY, Judge.

Defendant-appellant, Anthony Johnson, a.k.a. Sante Pierce, appeals from a judgment of conviction and imposition of sentence by the Trumbull County Court of Common Pleas following a guilty plea to aggravated burglary in violation of R.C. 2911.11(A)(3) and theft in violation of R.C. 2913.02. Since we find appel-

lant's appeal to be meritorious, the trial court's judgment is reversed, and the cause is remanded.

On November 7, 1987, appellant was arrested for aggravated burglary and subsequently indicted on January 25, 1988. Appellant failed to appear for a pretrial. A *capias* for appellant's arrest was issued on June 1, 1988, and appellant's case was then moved off the active docket.

On December 7, 1990, appellant was charged and convicted on a theft offense in Warren Municipal Court in case No. 90–CR–2141. However, appellant was convicted under the alias of Sante Pierce.

On January 3, 1992, appellant was arrested on the capias. Appellant appeared with counsel at a plea hearing on January 22, 1992 and was charged with two counts. The first count charged appellant by an amended indictment with breaking and entering in violation of R.C. 2911.13, a felony of the fourth degree. The second account charged appellant by a bill of information with theft in violation of R.C. 2913.02, a felony of the fourth degree.

The bill of information stated that "on or about November 7, 1987," appellant "did, with purpose to deprive the owner of property or services, knowingly obtain or exert control over said property or services, by deception * * *." The bill of information was not signed.

On January 22, 1992, a plea hearing was held, and appellant waived his right to prosecution by indictment on the second count. Thereafter, appellant entered a plea of guilty to both counts. The trial court accepted appellant's pleas and sentenced appellant to one and one-half years on the breaking and entering charge and one year on the theft charge, to run consecutively at the Lorain Correctional Institution at Grafton, Ohio. Appellant was also ordered to pay a $180.50 fine.

Appellant filed a timely appeal *pro se,* but is now represented by counsel appointed by this court. Appellant now asserts the following assignments of error:

"1. The trial court committed error prejudicial to the defendant-appellant in accepting his guilty plea to the charge of theft, when the factual basis for such charge was not sufficient to justify conviction of the offense charged.

"2. The bill of information was insufficient to charge a felony offense."

Under the first assignment of error, appellant contends that the trial court erred in accepting his guilty plea to the second count charging appellant by a bill of information with theft in violation of R.C. 2913.02, a felony of the fourth degree. Specifically, appellant contends that he cannot be convicted of a felony

theft when the offense used to elevate the degree of the instant offense to a felony occurred after the instant offense. We agree.

At the outset, we must note that R.C. 2901.04(A) requires that the "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." From this standard of review, we address appellant's argument.

The applicable statute is R.C. 2913.02(A), which states, in pertinent part:

"No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * *:

" * * *

"By deception * * *."

R.C. 2913.02(B) further provides:

"Whoever violates this section is guilty of theft. If the value of the property or services stolen is less than three hundred dollars, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is three hundred dollars or more and is less than five thousand dollars, * * * or if the offender previously has been convicted of a theft offense, a violation of this section is theft, a felony of the fourth degree. * * * "

As appellant correctly points out, there is no case law on point regarding whether the first theft offense must occur prior to the commission of the second theft offense in order to elevate the degree of the second offense. However, we find the language in *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, to be helpful.

In *Henderson*, the Supreme Court of Ohio held that there must be a judgment of conviction to constitute a prior conviction of a theft offense under R.C. 2913.02(B). In so holding, the court compared the language of R.C. 2913.02(B) with a statute that designated an initial violation as a misdemeanor and "each subsequent offense" as a felony. The court stated that under that particular statute:

" * * * a 'subsequent offense' need only occur after a prior offense, rather than a prior conviction, to enhance the penalty contained therein. In contrast, R.C. 2913.02(B) does not merely refer to a theft 'offense,' but *further* qualifies that term by indicating that a conviction is *also* required to increase the punishment." (Emphasis added.) *Id.* at 175, 12 O.O.3d at 179, 389 N.E.2d at 496.

A reading of this language suggests that *both* the commission *and* a subsequent conviction of the prior offense are required to elevate the degree of the theft offense.

A liberal reading of R.C. 2913.02 would also suggest that both the commission and subsequent conviction must occur prior to the commission of the second offense. The statutory language declares that when the offender violates the statute, the violation is elevated to a felony if the offender has had a prior theft offense *conviction*. Since the theft offense occurs at the time the offender committed the act, *State v. Brantley* (1965), 1 Ohio St.2d 139, 30 O.O.2d 489, 205 N.E.2d 391, citing *State v. McCormick* (1928), 104 N.J.Law 288, it logically follows that the commission of the first offense must also occur prior to the instant offense.

In the case *sub judice*, the bill of information charging appellant with a violation of R.C. 2913.02 lists the violation date as November 7, 1987. There is no evidence in the record to demonstrate that this violation occurred on any other date. Thus, the violation charged by the bill of information occurred prior to the theft offense of December 7, 1990, and the latter cannot be used to elevate the degree of the 1987 theft offense from a first degree misdemeanor to a fourth degree felony.

Accordingly, the first assignment of error is well taken.

■ Under the second assignment of error, appellant argues that the bill of information was insufficient to charge a felony offense. Specifically, appellant argues that the bill of information failed to recite the prior conviction as an element and, thus, appellant can only be convicted of a misdemeanor. Without addressing this argument, we find that the bill of information was void *ab initio*.

The 1992 version of Crim.R. 7(B) states that:

"The indictment or the information *shall* be signed by the prosecuting attorney or signed in his name by an assistant prosecuting attorney * * *." (Emphasis added.)

Some case authority addressing this requirement has held that the failure of the prosecuting attorney or assistant prosecutor to sign an *indictment* does not invalidate the indictment when the substantial rights of the defendant have not been prejudiced and the defendant was given sufficient notice of the charges against him. See *State v. Ewing* (1983), 9 Ohio App.3d 285, 9 OBR 500, 459 N.E.2d 1297. However, there has been no case authority interpreting the same for a bill of information.

The current version of Crim.R. 7(B), although not applicable to the case *sub judice*, reflects this case authority or lack thereof. Crim.R. 7(B) has been amended under the current version to eliminate the signature requirement on indictments. As to a bill of information, Crim.R. 7(B) still mandates a signature of the prosecuting attorney or a signature in the name of the prosecuting attorney. The Staff Notes under the current version state, in pertinent part:

"The amended rule separately states that an information shall be signed by the prosecuting attorney or signed in the prosecuting attorney's name by an assistant prosecuting attorney * * *. As the grand jury does not participate in an information, the alternative charging instrument, the signature of the prosecuting attorney or assistant is *essential*." (Emphasis added.)

Thus, under either the 1992 or current version of Crim.R. 7(B), a bill of information must be signed.

In the case *sub judice,* the bill of information charging the appellant with a violation of R.C. 2913.02 does not contain either the signature of the prosecuting attorney or an assistant prosecuting attorney. Consequently, the bill of information does not comply with the signature requirement and is void.

We recognize that under R.C. 2941.08(K), a bill of information is not invalidated by "defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits." However, without the required signature on the bill of information, we cannot conclude that appellant has not been prejudiced. We also recognize that, pursuant to R.C. 2941.59, an accused waives all defects by pleading to an offense without objection. However, when the bill of information is void *ab initio,* there is nothing to waive.

Requiring the signature of the prosecutor or assistant prosecutor will ensure that the bill of information has been reviewed and that the signer declares that each element can be proven beyond a reasonable doubt. Allowing a bill of information to go unsigned eliminates this assurance and is prejudicial when, as here, the offender pleads guilty to the charge.

The procedural rules were established to promote a balance of justice to both the accused and the state and should not be viewed to tip the scales in favor of the state. R.C. 2901.04(B). Thus, the bill of information is void *ab initio.*

Accordingly, the second assignment of error has merit.

Based upon the foregoing, the trial court's judgment is reversed, and the cause is remanded for further proceedings according to law and not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.