DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Danny W. Thompson II, appeals the decision of the Washington County Court of Common Pleas dismissing his motion for post-conviction relief. Appellant was convicted of three counts of unlawful sexual conduct with a minor. His subsequent motion for post-conviction relief was dismissed by the trial court for lack of jurisdiction. Because we find Appellant has not established that he was unavoidably prevented from the discovery of facts upon which he must rely, we agree *Page 2 
that the trial court lacked jurisdiction to entertain his petition.
Accordingly, we overrule Appellant's assignments of error and affirm the decision of the trial court.
 I. Facts {¶ 2} Appellant and the victim's mother were involved in a romantic relationship. In the subsequent investigation, the victim stated that, while living in his home, Appellant kissed her and touched her between the legs. The relationship between the victim's mother and Appellant ended when the mother found a note written by Appellant to the victim, wherein he stated that he wanted to be the victim's "first" and that he loved her. After finding the note, the victim and her mother moved out of Appellant's home. The victim's mother told Appellant to cease all communication with the victim. But, after the move, Appellant and the victim remained in contact. Because of the continued contact, the mother contacted law enforcement.
 {¶ 3} In subsequent interviews with investigators, the victim admitted that she met Appellant at a camper on three different occasions and that she had sexual intercourse and oral sex with him on two of those occasions. The victim also testified that they had sex at a motel on another *Page 3 
occasion. She further stated that she had willingly engaged in sexual activity with Appellant.
 {¶ 4} When investigators confronted Appellant with the victim's statements, he admitted to having sex with the victim on three occasions. He also admitted that he and the victim performed oral sex on each other and that he digitally penetrated her on at least three different occasions. At the end of his interview with investigators, Appellant agreed to give a tape-recorded confession in which he admitted his sexual contact with the victim.
 {¶ 5} At trial, Appellant denied having any sexual contact with the victim. He acknowledged that his voice was on the tape-recorded confession, but testified that he was severely intoxicated when questioned by the detectives and that he did not remember the interview.
 {¶ 6} The jury convicted Appellant on all three counts of unlawful sexual conduct with a minor and the trial court sentenced him to three years of imprisonment on each count. Following his conviction, Appellant filed a direct appeal with this court. After reviewing the record, we overruled each of Appellant's assignments of error and affirmed the decision of the trial court. Appellant subsequently filed a motion for post-conviction relief with the trial court under R.C. 2951.23. Without holding *Page 4 
a hearing, the trial court dismissed the petition, stating it lacked jurisdiction to consider the motion. The current appeal challenges that decision.
 II. Assignments of Error I. A POST CONVICTION PETITION COURT ABUSES ITS DISCRETION WHEN DISMISSING DEFENDANT'S POST CONVICTION PETITION WITHOUT REASONABLY ADDRESSING AND DETERMINING THE MERITS OF DEFENDANT'S APRIL 28, 2008, RESPONSE TO THE STATE'S REPLY TO DENY DEFENDANT'S PETITION.
 II. A POST CONVICTION PETITION COURT ABUSES ITS DISCRETION WHEN FAILING TO REASONABLY DETERMINE AND RESOLVE THE MERITS OF DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM BASED ON COUNSEL'S FAILURE UNDER CRIM. RULE 16 TO OBTAIN A VICTIM'S MEDICAL REPORT FROM THE PROSECUTOR FOR USE AS DEFENSE EVIDENCE OF ACTUAL INNOCENCE OF THE CRIMINAL OFFENSE(S) PROSECUTED AT TRIAL.
 III. A POST CONVICTION PETITION COURT ABUSES ITS DISCRETION WHEN FAILING TO REASONABLY DETERMINE AND RESOLVE THE MERITS OF DEFENDANT'S CLAIM OF PROSECUTORIAL MISCONDUCT BASED ON THE PROSECUTOR HAVING WITHHELD FROM DEFENSE COUNSEL A MATERIALLY EXCULPATORY VICTIM'S MEDICAL REPORT AFTER TRIAL COUNSEL'S CRIM. RULE 16 DISCOVERY REQUEST.
 IV. A POST CONVICTION COURT ABUSES ITS DISCRETION WHEN UNREASONABLY HOLDING THAT NEWLY DISCOVERED EVIDENCE IN THE FORM OF A VICTIM'S MEDICAL REPORT IS TIME BARED IN POST CONVICTION PROCEEDINGS BASED ON TRIAL COUNSEL AND APPELLATE COUNSEL'S ABILITY TO HAVE DISCOVERED THE NEW EVIDENCE PRIOR TO TRIAL. *Page 5 
 III. Standard of Review {¶ 7} When a trial court dismisses a motion for post-conviction relief without a hearing, our standard of review is de novo. State v.Cottrill, 4th Dist. No. 06CA20, 2006-Ohio-6943, at ¶ 11; State v.Collins, 4th Dist. No. 06CA40, 2007-Ohio-3558, at ¶ 7. Accordingly, we review the record independently and without deference to the trial court's decision.
 IV. Legal Analysis {¶ 8} Each of Appellant's four assignments of error are predicated upon his motion for post-conviction relief. But, before we can consider the merits of his appeal, we must first address the trial court's judgment that it lacked jurisdiction to consider his petition.
 {¶ 9} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, a defendant convicted of a criminal offense who shows that "there was such a denial or infringement of [his] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" is entitled to relief from his sentence.
 {¶ 10} Under R.C. 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on *Page 6 
which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." If a defendant's petition is untimely under R.C. 2953.21(A)(2), then his untimely petition must comport with R.C. 2953.23(A)(1).
 {¶ 11} R.C. 2953.23(A)(1) prohibits a court from considering a delayed petition for post-conviction relief unless the petitioner satisfies a two-pronged test. First, a petitioner must show that he was either "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). Secondly, provided that a petitioner meets the first prong, the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted. * * *." R.C. 2953.23(A)(1)(b). Unless the petitioner makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider an untimely *Page 7 
petition for post-conviction relief. See, e.g., State v. Gibson, 4th Dist. No. 05CA20, 2005-Ohio-5353, at ¶ 10.
 {¶ 12} Here, there is no dispute that Appellant's petition for post-conviction relief was untimely. Accordingly, in order to maintain his petition, he must be able to satisfy the two prongs of R.C. 2953.23(A)(1). In his petition for relief, Appellant argues that he is able to satisfy the first requirement because he was "deprived of relevant information to pursue his claims * * *." As the trial court noted, Appellant's petition hints that he was not provided all necessary discovery materials, but it provides absolutely no basis to support this assertion. As such, the petition not only fails to show how Appellant was unavoidably prevented from discovery of facts upon which he must rely, it fails to even identify the facts.
 {¶ 13} It is true that, in his appellate brief, Appellant does argue more specifically that he was prevented from discovering the existence of a medical report of the victim. We are unable to consider this new assertion which was not raised in his original petition for relief. "An appellate court can only address those arguments presented to the trial court in the original petition; therefore, any new arguments cannot be considered for the first time on appeal." State v. Zamora, 3rd Dist. Nos. 11-08-04, 11-08-05, *Page 8 2008-Ohio-4410, at ¶ 26; see, also, State v. Sheets, 4th Dist. No. 03CA24, 2005-Ohio-803, at ¶ 29.
 {¶ 14} Even were we able to consider this new argument, Appellant's petition would still fail. As Appellee noted in its brief, the evidence that Appellant now claims he was unavoidably prevented from discovering, the existence of the victim's medical examination, was mentioned at least twice during trial. Even if Appellant only became aware of the existence of the medical report at the time of trial, and he believes that it was essential to his case, he could have raised the issue in his direct appeal. He failed to do so. Because the medical exam was discussed during trial and that discussion is part of the record, Appellant cannot now make the claim in his petition for post-conviction relief that he was unavoidably prevented from discovering its existence until later.
 {¶ 15} Appellant is unable to show that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief. Further, he makes no claim that the United States Supreme Court has recognized a new federal or state right that applies retroactively to his situation. As such, Appellant has failed to satisfy the first prong of R.C. 2953.23(A)(1). Because he has failed to satisfy the first *Page 9 
prong, we need not examine the second. Accordingly, his petition for post-conviction relief has no merit.
 V. Conclusion {¶ 16} After reviewing the record below, we find Appellant has failed to establish the necessary elements of R.C. 2953.23(A). As such, the trial court properly determined it lacked jurisdiction to consider his motion for post-conviction relief. Accordingly, we overrule Appellant's assignments of error and affirm the trial court's decision to dismiss his petition.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Kline, P.J. and Harsha, J.: Concur in Judgment and Opinion. *Page 1