[Cite as *State v. Williams*, 2014-Ohio-5428.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101026**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JOHN WILLIAMS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-05-463504-B

**BEFORE:** Rocco, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** December 11, 2014

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
Mancino Mancino & Mancino
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Amy E. Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant John Williams appeals the trial court's denial of his motion to vacate his convictions and sentence arising out of a December 13, 2004 robbery of a Cleveland delicatessen and the fatal shootings of a store clerk and a customer. Williams claims that due to certain alleged deficiencies in the form of the indictment used to charge him, the indictment was void, and that the trial court, therefore, lacked subject matter jurisdiction to hear the case against him. Williams also claims that he was denied due process when he was tried and convicted of aggravated murder by a single judge, rather than a three-judge panel. We find no merit to Williams's appeal and affirm the trial court's judgment.

{¶2} On March 17, 2005, the Cuyahoga County Grand Jury indicted Williams on 13 counts — four counts of aggravated murder, one count of attempted murder, three counts of aggravated robbery, three counts of kidnapping, one count of aggravated burglary, and one count of having a weapon while under a disability. The aggravated murder charges were each indicted with a felony murder specification, a mass murder specification, a murder to escape accounting for another crime specification, and one- and three-year firearm specifications. The other counts (with the exception of the charge for having a weapon while under disability) also included one- and three-year firearm specifications. At his arraignment on March 22, 2005, Williams waived the reading of the indictment. He pled not guilty to the charges against him.

{¶3} Prior to trial, the indictment was amended to remove the capital specifications, making the case a noncapital case. Williams signed a written waiver of his right to a jury trial, and a trial before a single judge commenced on January 30, 2007.

{¶4} Following the trial, the trial court found Williams guilty on all counts of the indictment, including the one- and three-year firearm specifications. In February 2007, the trial

court sentenced Williams to life with parole eligibility after 43 years and five years of postrelease control. Williams filed a direct appeal of his convictions and sentence, claiming that there was insufficient evidence to support his convictions, that his convictions were against the manifest weight of the evidence, and that he was improperly sentenced on allied offenses. In March 2008, this court affirmed Williams's convictions and sentence. *State v. Williams*, 8th Dist. Cuyahoga No. 89566, 2008-Ohio-1095.

{¶5} On August 26, 2013, Williams filed a motion to vacate his sentence and judgment due to a lack of subject matter jurisdiction and lack of a charging instrument. The trial court denied the motion, and this appeal followed.

{¶6} In his initial appellate brief, filed pro se, Williams presents three assignments of error for review:

> **Assignment of Error No. 1:** The trial court abused its discretion when it denied appellant's motion to vacate sentence and judgment due to lack of subject matter jurisdiction and lack of a charging instrument.

> **Assignment of Error No. 2:** The trial court had subject matter jurisdiction over the appellant when what purports to be an indictment in fact is not an indictment.

> **Assignment of Error No. 3:** The trial court violated the appellant's due process right to the Fifth and Fourteenth Amendment to the United States Constitution and Article One [Section] 10 of the Ohio Constitution when it convicted and sentenced the appellant without subject matter jurisdiction.

{¶7} On July 31, 2014, this court granted Williams's motion for appointment of counsel. Williams's counsel thereafter filed a supplemental brief, raising the following supplemental assignment of error:

**Supplemental Assignment of Error:** Defendant was denied due process of law when he [was] tried and convicted on an aggravated murder indictment before a single judge rather than a three-judge panel.

## Form of the Indictment

{¶8} Williams's first three assignments of error are related and will be addressed together. Williams argues that the trial court erred when it denied his motion to vacate sentence and judgment. He asserts that his convictions and sentence are void because the indictment used to charge him was not a "valid charging instrument." As such, Williams argues, the trial court did not have subject matter jurisdiction to hear his case. He further contends that such a challenge can be raised at any time.

{¶9} Williams claims that the indictment was invalid because it contained a "lithographic" or preprinted signature of the prosecuting attorney, rather than an original signature, and the "purported signature of a grand jury foreman." He also complains that the indictment was not "one cohesive multiple page document" but was instead "simply a group of papers" that could have been created — or forged — by anyone "wishing to pass it off as a charging instrument." Williams contends that because the state "cannot prove that these signatures belong to [these] individuals" or that "the document purporting to be a charging instrument originated in their office or under authority of their office," the trial court was divested of subject matter jurisdiction. Williams's arguments lack merit.

{¶10} Article I, Section 10 of the Ohio Constitution states that "no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury." The purpose of a grand jury indictment is to give notice to the accused so that he or she can know what he or she has been charged with and can prepare to defend those charges in

criminal proceedings. *State v. Hills*, 8th Dist. Cuyahoga No. 98848, 2013-Ohio-2902, ¶ 6, citing *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 10. There is no requirement in Article I, Section 10 of the Ohio Constitution "as to the manner in which, or by whom, an indictment will be signed." *State v. Bunyan*, 51 Ohio App.3d 190, 192, 555 N.E.2d 980 (3d Dist.1988); *see also Meeker v. State,* 4th Dist. Ross No. 1440, 1988 Ohio App. LEXIS 2553, *6 (June 28, 1988) ("There is no constitutional requirement as to the manner in which an indictment is to be authenticated or by whom."), citing *State v. Sabbah*, 13 Ohio App.3d 124, 137, 468 N.E.2d 718 (6th Dist.1982).

{¶11} Crim.R. 6(C) and (F) require that the grand jury foreman sign the indictment and that the clerk endorse the filing date upon it. Crim.R. 6(F) states, in relevant part:

> An indictment may be found only upon the concurrence of seven or more jurors. When so found the foreman or deputy foreman shall sign the indictment as foreman or deputy foreman. The indictment shall be returned by the foreman or deputy foreman to a judge of the court of common pleas and filed with the clerk who shall endorse thereon the date of filing and enter each case upon the appearance and trial dockets. * * *

*See also* R.C. 2939.20 (requiring that foreman of the grand jury "endorse on [the] indictment the words '[a] true bill' and subscribe his name as foreman").

{¶12} Crim.R. 7(B), which addresses the nature and contents of an indictment, further provides, in relevant part:

> The indictment shall be signed, in accordance with Crim.R. 6 (C) and (F) and contain a statement that the defendant has committed a public offense specified in the indictment. The information shall be signed by the prosecuting attorney or in the name of the prosecuting attorney by an assistant prosecuting attorney and shall contain a statement that the defendant has committed a public offense specified in the information. The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. * * *

{¶13} There is no requirement under Crim.R. 7(B) that an indictment be signed by the prosecuting attorney. As explained in the Staff Notes to Crim.R. 7, although at one time Crim.R. 7(B) required the signature of the prosecuting attorney or an assistant prosecuting attorney on an indictment, that was changed in the July 1, 1993 amendments to Crim.R. 7(B) in order "to relieve the prosecutor or an assistant in large counties from signing thousands of indictments with several times that number of counts each year." As such, "[t]he indictment * * * no longer requires the signature of the prosecuting attorney or an assistant prosecuting attorney." *Id.*; *see also State v. Johnson,* 101 Ohio App.3d 129, 132-133, 655 N.E.2d 208 (11th Dist.1995). Although R.C. 2941.06, which suggests the form of an indictment, provides a space for the signature of the prosecuting attorney, it states only that the suggested form of indictment "may" be used; it does not require that an indictment include the original signature of the prosecuting attorney.

{¶14} Even assuming that use of a preprinted signature on the indictment constituted a defect in the form of the indictment, it would not invalidate the indictment or deprive the trial court of subject matter jurisdiction. As the Ohio Supreme Court has held, "[t]he question of the sufficiency of the indictment does not relate to the jurisdiction of the court to try [a defendant] for the crime for which he was convicted." *Chapman v. Jago*, 48 Ohio St.2d 51, 51, 356 N.E.2d 721 (1976), citing *Mills v. Maxwell*, 174 Ohio St. 523, 190 N.E.2d 264 (1963). "The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted." *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998). In challenging the sufficiency of an indictment, "[the defendant's] remedy, if any, is by way of appeal from the judgment of conviction." *Chapman* at 51. Furthermore, R.C. 2941.08(K)

provides that "[a]n indictment * * * is not made invalid, and the trial, judgment, or other proceedings stayed, arrested, or affected * * * [f]or * * * defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits." Williams has not argued that he was in any way prejudiced "upon the merits" of the charges against him as a result of the alleged deficiencies in the indictment.

{¶15} The Ohio Supreme Court has held that the failure of grand jury foreperson to sign an indictment, as required under Crim.R. 6(C) and (F), relates to the sufficiency of the indictment and is not a jurisdictional error. *See VanBuskirk v. Wingard*, 80 Ohio St.3d 659, 660, 687 N.E.2d 776 (1998); *State ex rel. Justice v. McMackin,* 53 Ohio St.3d 72, 73, 558 N.E.2d 1183 (1990) ("A grand jury foreman's failure to sign the indictment does not deprive the trial court of jurisdiction."); *Kroger v. Engle*, 53 Ohio St.2d 165, 165, 373 N.E.2d 383 (1978) (requirement that the grand jury foreman sign the indictment relates to the sufficiency of the indictment, which should be raised in a direct appeal from the conviction); *see also State v. Caldwell*, 9th Dist. Summit No. 27003, 2014-Ohio-1032, ¶ 7-9 (rejecting defendant's claim that the absence of grand jury foreperson's signature on his indictment rendered his convictions void and holding that trial court did not lack subject matter jurisdiction where indictment was not signed by the grand jury foreperson), citing *State v. Young*, 9th Dist. Summit No. 18354, 1997 Ohio App. LEXIS 4253, *1 (Sept. 17, 1997).

{¶16} Other courts have reached similar conclusions with respect to a defendant's claim that an indictment was void due to the alleged omission of, or deficiency in, the prosecuting attorney's signature.[1] For example, in *State v. Murray*, 1st Dist. Clermont No. 790, 1979 Ohio

---

[1]These cases were decided under the prior version of Crim.R. 7(B) which provided, in relevant part, that "[t]he indictment or the information shall be signed by the prosecuting attorney or

App. LEXIS 9925 (Mar. 21, 1979), the First District considered a defendant's claim that the court lacked jurisdiction to hear the case against him because the indictment included a "facsimile stamp" of the prosecuting attorney's signature instead of an original signature of the prosecuting attorney. The court rejected the defendant's claim, holding that

> [t]he correctness of a prosecutor's signature on an indictment does not define the powers of the court and is therefore not jurisdictional. Rather, it is an irregularity in the form of the indictment capable of early correction by the court and clearly characteristic of the defenses and objections contemplated in Crim.R. [12](B)(1) and generally in 12(B)(2) [currently, Crim.R.12(C)(1) and (2)].

*Id.* at *4.

{¶17} The court further noted that the foreman of the grand jury had signed the indictment, "endorsing it as a true bill," and that no claim had been made that the charge set forth in the indictment was "wrong" or "fraudulent." *Id.* Accordingly, the court found the defendant had sustained no prejudice as a result of the prosecutor's use of a signature stamp. *Id.* at *4-5; *see also Ford v. Littlefield,* 4th Dist. Pickaway No. 93CA9, 1993 Ohio App. LEXIS 5950, *5-6 (Dec. 14, 1993) ("the mere failure of the prosecuting attorney to sign an indictment does not invalidate it when there is no indication of prejudice, i.e., the indictment was sufficient to inform the defendant of the charges against him"); *Bunyan*, 51 Ohio App.3d at 192-193, 555 N.E.2d 980 (criminal indictment was not defective merely because it bore the signature of the special prosecutor rather than that of the county prosecutor or an assistant county prosecutor, reasoning that "the requirement of the prosecutor's or assistant prosecutor's signature on an indictment appears to be directory, and not mandatory"); *State v. Ewing*, 9 Ohio App.3d 285, 459 N.E.2d 1297 (10th Dist.1983) (failure of the prosecuting attorney to sign an indictment — his name was

signed in his name by an assistant prosecuting attorney * * *." *Johnson,* 101 Ohio App.3d at 132, 655 N.E.2d 208.

typed on the indictment — did not invalidate the indictment where the defendant's substantial rights were not prejudiced and the indictment was sufficient to inform the defendant of the charges against him); *Payne v. Jeffreys,* 109 Ohio St.3d 239, 2006-Ohio-2288, 846 N.E.2d 1248, ¶ 4-6 (indictment satisfied R.C. 2939.20 requirement that foreman "endorse" the words "[a] true bill" on indictment where the words "a true bill" were included in preprinted indictment form).

{¶18} In this case, the 32-page indictment used to charge Williams lists 19 separate counts (along with numerous specifications) filed against Williams and/or his five codefendants. Each count is listed on a separate page of the indictment. Where the description of a count and its related specifications extends beyond a single page of the indictment, the pages are numbered accordingly, e.g., "page two of count 1," "page three of count 1." A preprinted signature of William A. Mason, "Prosecuting Attorney," appears on the form used for the indictment. The preprinted signature of the prosecuting attorney and the handwritten signature of the "Foreman of the Grand Jury" appear at the bottom of each page of the indictment. The indictment bears a date stamp from the clerk of court that indicates that it was "received for filing" on March 17, 2005.

{¶19} Based on our review of the record, the indictment appears to be a complete, cohesive document properly signed by the grand jury foreman and promptly filed with court. Williams does not claim that the indictment failed to give him sufficient notice of what he was charged with or in any way hampered his ability to prepare for and defend against those charges. Although Williams implies that, based on the use of a preprinted signature, the indictment could have been forged, he identifies no specific facts — or anything else in the record — that suggests that the charges set forth in the indictment were "wrong" or "fraudulent," i.e., that the charges were not, in fact, the charges found and issued by the grand jury. Likewise, although Williams

appears to question the authenticity of the "purported signature" of the grand jury foreman, he points to nothing in the record that indicates that the handwritten signature that appears at the bottom of each page of the indictment "purporting" to be the signature of the "Foreman of the Grand Jury" was not, in fact, the signature of the foreman of the grand jury that issued Williams's indictment. Contrary to Williams's assertion, it was not the state's burden to prove — in response to his unsupported allegations — that the indictment and signatures were authorized and authentic. *See State v. Cline,* 2d Dist. Champaign No. 2013 CA 51, 2014-Ohio-4503, ¶ 14 (where defendant presented no evidence to support his speculation and "hypotheticals" regarding alleged fraudulent indictments, court would not "presume" that indictments were "the product of a conspiracy on the part of the foreman, prosecutor, and/or others"). Williams's claim that a defect in the indictment deprived the trial court of jurisdiction to hear his case is meritless.

**{¶20}** Furthermore, Williams should have raised any challenges he had to the sufficiency or validity of the indictment either prior to trial or in his direct appeal — not seven years later. Having failed to do so, he cannot do so now. *See* Crim.R. 12(C), 12(H);[2] *see also State v.*

---

[2] Crim.R. 12(C) provides, in relevant part:

Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

* * *

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding) * * *[.]

*Gordon,* 9th Dist. Summit No. 25911, 2012-Ohio-902, ¶ 22 (defendant's claim that trial court lacked jurisdiction over him because indictment was not signed by grand jury foreperson until after he entered his guilty plea was barred where he did not raise any issue with the indictment on direct appeal); *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 18-22 (even assuming there was a defect in defendant's indictment, he could not "raise the issue 'at any time' based on the trial court's alleged lack of subject matter jurisdiction"; res judicata barred defendant's argument that his indictment was defective in his petition for postconviction relief where defendant did not challenge the sufficiency of his indictment at trial or on direct appeal).[3] Accordingly, the trial court properly denied Williams's motion to vacate sentence and judgment.

We overrule Williams's first three assignments of error.

**Trial by a Single Judge**

{¶21} In his supplemental assignment of error, Williams argues that he was denied due process because he was tried on an aggravated murder charge before a single trial judge, rather than a three-judge panel. He contends that this violated R.C. 2945.06 and that, as a result, his convictions and sentence are void.

---

Crim.R. 12(H) provides:

Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial * * * or prior to any extension of time made by the court, shall constitute waiver of the defenses or objections, but the court for good cause shown may grant relief from the waiver.

[3]Because Williams did not raise any issues with the form of the indictment prior to trial as required by Crim.R. 12(C), had he raised these issues in his direct appeal, he would have been limited to arguing plain error. *See, e.g., State v. Schwartzman,* 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393, ¶ 6 (where defendant did not raise any objections to the form of the indictment prior to trial, he waived all but plain error).

**{¶22}** R.C. 2945.06, the statute providing for trial by a three-judge panel, provides, in relevant part:

> In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. *If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges*, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, and in case there is neither a presiding judge nor a chief justice, by the chief justice of the supreme court. * * *

(Emphasis added.) Williams contends that because he was originally charged with an offense punishable by death — aggravated murder with capital specifications — he was required to be tried by a three-judge panel, notwithstanding that the capital specifications were deleted before trial. We disagree.

**{¶23}** R.C. 2945.06's three-judge panel requirement is limited to trials where the accused is "charged with an offense punishable with death." Where an accused is charged with an offense that contains no specifications that would subject him to the death penalty, the three-judge panel requirement is inapplicable.

**{¶24}** Prior to Williams's trial, his indictment was amended to delete the capital specifications. Trial by a three-judge court, therefore, was not required because Williams was not "charged with an offense punishable with death" at the time his trial commenced. *State ex rel. Henry v. McMonagle,* 87 Ohio St.3d 543, 544-545, 721 N.E.2d 1051 (2000) (where defendant pled guilty to aggravated murder charge following amendment of indictment to delete death penalty specification, neither R.C. 2945.06 nor Crim.R.11(C) required examination of witnesses, determination of guilt, or pronouncement of sentence by a three-judge panel because defendant was no longer charged with an offense punishable by death at the time he entered his

guilty plea); *see also State v. Simpson*, 8th Dist. Cuyahoga No. 96154, 2011-Ohio-4955, ¶ 11, 13; *State v. Taylor,* 8th Dist. Cuyahoga No. 94569, 2010-Ohio-5607, ¶ 2.

{¶25} Furthermore, "[t]he failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio * * *." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus. "It constitutes an error in the court's exercise of jurisdiction that must be raised on direct appeal." *Id.* Having failed to raise the issue in his direct appeal, Williams's claim is barred by res judicata. *State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989, ¶ 3 ("Res judicata bars relitigation of a matter that was raised or could have been raised on direct appeal when a final, appealable order was issued in accordance with the law at the time."). Accordingly, Williams's supplemental assignment of error is overruled.

{¶26} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR