[Cite as *State v. Cox*, 2019-Ohio-521.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MICHAEL A. COX | : | Case No. CT2018-0075 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Muskingum County Common Pleas Court Case No. CR2018-0157


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        February 11, 2019


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
27th North Fifth Street
Post Office Box 189
Zanesville, OH 43702-0189

For Defendant-Appellant

MICHAEL A. COX, pro se.
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH 43724

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Michael A. Cox appeals the October 24, 2018 judgment of the Court of Common Pleas, Muskingum County which denied appellant's motion for postconviction relief without a hearing. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 19, 2018, after waiving in writing prosecution by indictment, appellant pled guilty to a bill of information containing one count of possession of methamphetamine, a felony of the fifth degree. Appellant waived a pre-sentence investigation and proceeded to sentencing on March 23, 2018.

{¶ 3} At the sentencing hearing, appellant and the state stipulated that the bill of information contained a scrivener's error, and the drug listed therein in should have been cocaine, not methamphetamine. There is no record of this hearing, however, appellant's sentencing judgment entry indicates possession of cocaine and the judgment entry appealed from in this matter mentions said stipulation. Appellant was sentenced to 8 months incarceration.

{¶ 4} Appellant did not file a direct appeal of his conviction. Instead, on October 1, 2018, appellant filed a motion for postconviction relief. Therein, appellant set forth one claim, arguing the state could not cure a fatally defective bill of information as a "clerical error." On October 25, 2018, the trial court denied appellant's petition without a hearing, finding his petition was barred by the doctrine of res judicata.

{¶ 5} Appellant subsequently filed an appeal and the matter is now before this court for consideration. He raises two assignments of error as follows:

I

{¶ 6}   THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING POST-CONVICTION RELIEF FOR AN UNLAWFUL AMENDMENT TO THE IDENTITY OF AN OFFENSE

II

{¶ 7}   THE TRIAL COURT LACKED JURISDICTION TO AMEND THE FATALLY DEFECTIVE BILL OF INFORMATION AFTER ACCEPTING A GUILTY PLEA TO IT.

I, II

{¶ 8}   Appellant's first and second assignments of error reach a common resolution. We therefore address them together.

{¶ 9}   In his first assignment of error, appellant argues the trial court erred in denying his motion for postconviction relief because the bill of information speculated as to what the drugs involved actually were, that the testimony of a lay person questioned the identity of the offense, and that the amendment to the bill of information came after appellant's plea of guilty. Appellant further alleges judicial bias. In his second assignment of error, appellant argues the trial court lacked jurisdiction to amend the bill of information as it was fatally defective. Each of appellant's complaints are res judicata.

{¶ 10} Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his conviction, nor is

the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Lewis*, 5th Dist. Stark No.2007CA00358, 2008-Ohio-3113, ¶ 8, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980).

{¶ 11} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, approving and following *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 9th Dist. Lorain No. 98CA007279, 2000 WL 254908 (Mar. 8, 2000); see, also, *State v. Ferko*, 9th Dist. Summit No. 20608, 2001 WL 1162835 (Oct. 3, 2001). The presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata. See *State v. Smith*, 17 Ohio St.3d 98, 101, 17 OBR 219, 221, 477 N.E.2d 1128, 1131–1132(1985), fn. 1.

{¶ 12} First, as for appellant's judicial bias claim, "Pursuant to R.C. 2701.03, only the chief justice of the Supreme Court of Ohio or his or her designee has the authority to

determine a claim that a common pleas court judge is biased or prejudiced." *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140, ¶ 94. Accordingly, we are without jurisdiction to consider appellant's claim and reject the same.

{¶ 13} As to appellant's remaining arguments, appellant could have raised each argument in a direct appeal, but failed to do so. A petition for postconviction relief is not a substitute for a direct appeal. *State v. Holliday*, 5th Dist. Delaware No. 2012-Ohio-2376 ¶ 17 citing *State v. Thompson*, 9th Dist. 11CAA110104, 2009-Ohio-200. Because appellant could have raised his arguments in a direct appeal, they are barred in this proceeding by the doctrine of res judicata. The trial court therefore did not err in denying appellant's petition for postconviction relief.

{¶ 14} The October 25, 2018 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, J.
Hoffman, P.J. and
Wise, John, J. concur.

EEW/rw