[Cite as *State v. Toliver*, 2019-Ohio-3669.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 19CA3 |
| | : | |
| vs. | : | |
| | : | |
| DECHAUN TOLIVER, | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Dechaun Toliver, Caldwell, Ohio, Appellant Pro Se.

Keller J. Blackburn, Athens County Prosecuting Attorney, and Merry M. Saunders, Assistant Prosecuting Attorney, Athens, Ohio, for Appellee.

_____

Smith, P. J.

{¶1} Dechaun Toliver appeals the judgment entry of the Court of Common Pleas, Athens County, captioned Decision on Pending Motions, dated February 8, 2019. On appeal, Toliver asserts that the trial court abused its discretion in denying his motion for summary judgment and petition for postconviction relief, as well as extending leave to the State of Ohio to file a response to the postconviction petition. Upon our review, we find no merit to Toliver's arguments. Accordingly, we overrule Toliver's sole assignment of error and affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶2} The Athens County Clerk of Court's online records, www.co.athensoh.org/departments/clerkofcourts, of which we may take judicial notice, indicate that Dechaun Toliver, "Appellant," was indicted on two counts of trafficking in cocaine, violations of R.C. 2925.03(A)(1), on April 23, 2018.[1]  This case was assigned Athens County Common Pleas Court Case No. 18CR0166.  The clerk's online records further reflect that on June 27, 2018, Appellant entered a guilty plea to a Bill of Information charging him with one count of Engaging in a Pattern of Corrupt Activity, a violation of R.C. 2923.32(A)(1).  This case was assigned Athens County Common Pleas Court Case No. 18CR0273.  The trial court ordered both case numbers consolidated, and to proceed under the latter case number.

{¶3} Appellant's guilty plea was to all three counts.  On the "corrupt activity" count, he was sentenced to a prison term of eight years.  Sentences of twelve months were imposed on both of the underlying trafficking counts, to be served concurrently with the eight years imposed on the corrupt activity count.  The State of Ohio reserved the right to oppose judicial release if Appellant chose to file for it.  The judgment entry of sentence was

---

[1] See *State v. Rutherford,* 4th Dist. Pike No.17CA883, 2018-Ohio-2638, at fn4, (We may take judicial notice of common pleas court websites, as explained in *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933, at ¶ 35.)

journalized on June 28, 2018. Appellant did not file a direct appeal of these convictions.

{¶4} On September 28, 2018, Appellant filed a petition for postconviction relief. Appellant did not challenge the trafficking convictions, but asserted that the bill of information failed to charge an essential element of Engaging in a Pattern of Corrupt Activity and that he therefore entered a plea of guilty to a fatally defective bill of information, making the judgment entry of sentence void. Appellant asked the trial court to vacate his conviction and the judgment entry of sentence.

{¶5} On October 19, 2018, Appellant filed a "motion for summary judgment". Based on the same argument made in his petition for postconviction relief, Appellant asked that he be granted summary judgment as a matter of law. On October 23, 2018, the State of Ohio requested an extension of time to file a response to Appellant's petition for postconviction relief. The State pointed out that it had not been provided a copy of Appellant's postconviction petition. The trial court granted the State's request for extension.

{¶6} In the State's Response to Petitioner's Petition for Postconviction Relief, the State pointed out that Appellant had legal counsel and that Appellant and his legal counsel reviewed the Bill of Information

and negotiated the plea agreement with the State.  The State also pointed out that Appellant waived in open court his prosecution by indictment.

{¶7} On November 15, 2018, Appellant filed "Petitioner's Traverse" as a responsive pleading to the State's arguments.

{¶8} On February 8, 2019, the trial court journalized its Decision on Pending Motions.  The trial court denied Appellant's motion for summary judgment and petition for postconviction relief.  The trial court found no merit to Appellant's argument that the bill of information was faulty.  The trial court however denied the postconviction petition, without explicitly stating so, on the basis of res judicata.  This timely appeal followed.

## ASSIGNMENTS OF ERROR

I.    "THE TRIAL COURT ABUSED ITS DISCRETION IN: DENYING SUMMARY JUDGMENT, EXTENDING LEAVE TO THE STATE OF OHIO, AND DENYING POST-CONVICTION RELIEF."

{¶9} Because Appellant's arguments are interrelated, we consider them jointly.

## STANDARD OF REVIEW

{¶10} The postconviction relief process is a collateral civil attack on a criminal judgment rather than an appeal of the judgment. *State v. Gaffin,* 4th Dist. Adams No. 17CA1057, 2019-Ohio-291 at ¶ 20; *State v. Calhoun,* 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).  Postconviction relief is not a

constitutional right; instead, it is a narrow remedy that gives the petitioner no more rights than those granted by statute. *Id.* It is a means to resolve constitutional claims that cannot be addressed on direct appeal because the evidence supporting the claims is not contained in the record. *State v. McDougald,* 4th Dist. Scioto No. 16CA3736, 2016-Ohio-5080, ¶ 19-20, citing *State v. Knauff,* 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 18. A petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his conviction. *State v. Cox,* 5th Dist. Muskingum No. CT2018-0075, 2019-Ohio-521, at ¶ 10; *State v. Lewis*, 5th Dist. Stark No.2007CA00358, 2008-Ohio-3113, ¶ 8, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).

{¶11} " '[A] trial court's decision granting or denying a postconviction relief petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence.' " *Gaffin, supra* at ¶ 21, quoting, *State v. Smith,* 4th Dist. Scioto No. 16CA3774, 2017-Ohio-7659, ¶ 8, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58; see also *State v. Betts,* 4th Dist. Vinton No. 18CA710, 2018-Ohio-2720, ¶ 12. A trial court abuses its discretion when its decision

is unreasonable, arbitrary, or unconscionable. *In re H.V.,* 138 Ohio St.3d 408, 2014-Ohio-812, 7 N.E.3d 1173, ¶ 8.

## LEGAL ANALYSIS

1.  Postconviction petition

{¶12} In his petition and on appeal, Appellant has claimed that the facts contained in the bill of information to which he pled were insufficient to establish that he was involved in an illegal enterprise, an essential element to Engaging in a Pattern of Corrupt Activity. Therefore, he concludes the bill of information was defective and his conviction is void. Appellant essentially requests this Court find that the trial court abused its discretion in denying his postconviction petition and to enter judgment accordingly.

{¶13} Under R.C. 2941.08(K), a bill of information is not invalidated by "defects or imperfections which do not tend to prejudice the substantial rights of the defendant upon the merits." *State v. Johnson,* 101 Ohio App. 3d, 129, 133, 655 N.E. 2d 208 (11th Dist. 1995). Generally speaking, objections to a defect in an indictment, information, or complaint must be raised before trial. See Crim.R.12(C)(2); *State v. Dukes,* 4th Dist. Scioto No. 16CA3745, 2017-Ohio-7204, at ¶ 65. Additionally, pursuant to R.C. 2941.59, an accused waives all defects by pleading to an offense without objection. *Johnson, supra.*

{¶14} However, in this case, Appellant's case, the doctrine of res judicata applies. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *Cox, supra*, at ¶ 11; *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus, approving and following *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997). A petition for postconviction relief is not a substitute for a direct appeal. *Cox, supra,* at ¶ 13; *State v. Holliday,* 5th Dist. Delaware No. 2012-Ohio-2376 ¶ 17 citing *State v. Thompson,* 9th Dist. 11CAA110104, 2009-Ohio-200.

{¶15} In *State v. Dingus,* 12th Dist. Madison No. CA91-08-025, 1992 WL 80710, Dingus claimed that the bill of information in his case was insufficient to give him notice of the offenses for which he was charged. The appellate court, however, found that the alleged sufficiency violation

could have been raised at trial or directly on appeal, but Dingus failed to do so. The *Dingus* court found, "[B]y not raising the issue of the sufficiency of the bill of information at the trial or appellate level, we hold that appellant has waived his right to raise the issue in a post-conviction proceeding. *Id.* at *2. See also *State v. Simmans,* 21 Ohio St.2d 258, 257 N.E. 2d 344 (1970) (indictment using words of a statute describing the offense is sufficient where no objection to sufficiency of the indictment is interposed before submission of the case).

{¶16} In this case, Appellant failed to raise any issue with regard to the bill of information in a direct appeal. Thus, he is barred by res judicata. The trial court did not abuse its discretion in denying his postconviction petition.

2. Summary Judgment

{¶17} Summary judgment is appropriate if the party moving for summary judgment establishes that (1) there is no genuine issue of material fact, (2) reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion is made and (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56; *New Destiny Treatment Ctr., Inc. v. Wheeler,* 129 Ohio St.3d 39, 2011-Ohio-2266, 950 N.E.2d 157,

¶ 24; *Chase Home Finance, LLC v. Dunlap,* 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, 2014 WL 3940314, ¶ 26.

{¶18} The moving party has the initial burden of informing the trial court of the basis for the motion by pointing to summary judgment evidence and identifying parts of the record that demonstrate the absence of a genuine issue of material fact on the pertinent claims. *Dresher v. Burt,* 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996); *Chase Home Finance* at ¶ 27. Appellate review of summary judgment decisions is de novo, governed by the standards of Civ.R. 56. *Vacha v. N. Ridgeville*, 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 19.

{¶19} Having found that the trial court did not abuse its discretion in denying Appellant's petition for postconviction relief, we further find Appellant was not entitled to summary judgment as a matter of law. We find no merit to Appellant's argument pertaining to his motion for summary judgment.

3. Leave to Respond

{¶20} R.C. 2953.21(E) provides that within ten days after the docketing of the petition, or within any further time that the trial court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. The Athens County Clerk of Court's online docket demonstrates

that the petition for postconviction relief was filed on September 28, 2018. The State indicated in its motion for extension of time that it never received a copy of the postconviction petition and was only made aware of the petition through Appellant's motion for summary judgment.

{¶21} In *State v. Crockett,* 8th Dist. Cuyahoga No. 103199, 2016-Ohio-220, at ¶ 19, the appellate court noted that the time period in which to respond to a petition for postconviction relief set forth in R.C. 2953.21(D) is not mandatory, but, in fact, directory, meaning that the time period is not rigid. In *Crockett,* the court held that, given the directory nature of the statute, the trial court did not abuse its discretion in allowing the State to file its response.

{¶22} In this case, Appellant did not challenge the State's reason for requesting an extension. The State apparently did not receive a copy of the postconviction petition and was unaware it was pending. Under these circumstances, we find the trial court did not abuse its discretion in granting the State's motion for extension. We thus find no merit to Appellant's argument that the trial court erred in granting the State's motion for extension.

## CONCLUSION

{¶23} For the foregoing reasons, we find no merit to Appellant's sole

assignment of error.  Accordingly, the judgment of the trial court is affirmed.


**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hess, J.: Concur in Judgment and Opinion

For the Court,

BY: _____
Jason P. Smith, Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**